UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS A. SANCHEZ,

      Petitioner,

-vs-                                             Case No.  8:08-CV-1973-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging 2002 convictions for sexual battery on a child entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1).  After carefully examining the allegations of the petition, the Court concludes *sua sponte* that the petition may be time-barred under the provisions of 28 U.S.C. § 2244(d).  *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA").  Prior to AEDPA's enactment, state

prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996).

The AEDPA dramatically shortened the time for filing a federal habeas petition to one year. Section 101 of AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 101 does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review or the expiration of

the time for seeking such review." According to Petitioner's sworn statements, his judgment of conviction was entered on March 28, 2002, he appealed, and his direct appeal terminated unsuccessfully on February 21, 2003.  Thus, in light of the Eleventh Circuit's holding in *Bond v. Moore*, Petitioner's one-year limitations period began to run on May 22, 2003. 309 F.3d 770 (11th Cir.  2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate."). Therefore, Petitioner had until May 21, 2004, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed state post conviction proceeding.

According to the Petitioner's sworn allegations, he filed a post-conviction motion pursuant to Fla. R. Crim. P. Rule 3.850 on May 2, 2003, which was denied on February 10, 2004.  He then appealed the denial of his 3.850 motion, and the appellate court affirmed, and issued its mandate on July 20, 2006.  Accordingly, it appears the federal one-year limitation period was tolled until July 20, 2006, and therefore Petitioner had until July 20, 2007, to file his federal habeas petition absent any further delay attributable to tolling, i.e., a pending, properly filed state post-conviction proceeding.

Petitioner alleges that on August 1, 2006, he filed a second motion for DNA testing in the state circuit court.  This motion, however, did not toll the one-year limitation period.

3

A motion for DNA testing filed in Florida[1] is not an "'application for post-conviction or other collateral review with respect to the pertinent judgment,' for purposes of the AEDPA tolling statute." *Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008)(quoting 28 U.S.C. § 2244(d)(2)).  Petitioner alleges that on September 14, 2007, he filed a post-conviction motion pursuant to Fla. R. Crim. P. Rule 3.800.  This motion, however, had no tolling effect either as the limitation period had already expired on July 20, 2007, and once AEDPA's limitations period expires, it cannot be reinitiated.  *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner did not file his federal habeas petition until September 30, 2008 (Dkt. 1 at p. 1).[2]  Therefore, his petition is clearly untimely.   Thus, the petition is time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of*

---

[1] Fla. R. Crim. P. Rule 3.853 "provides procedures for obtaining DNA (deoxyribonucleic acid) testing under sections 925.11 and 925.12, Florida Statutes."

[2] Although Petitioner's petition was filed with the Court on October 3, 2008, Petitioner delivered his petition to prison officials for mailing on September 30, 2008 (Dkt. 1 at p. 1). Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

*Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

**ACCORDINGLY**, the Court **ORDERS** that Petitioner shall show cause within **THIRTY (30) DAYS** of the date of this order why this action should not be dismissed as being barred by the one-year limitation period set forth *supra*. **Failure to comply with this order within the allotted time will result in dismissal of this matter without further notice.**

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2008.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*