UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS A. SANCHEZ,

       Petitioner,

-vs-                                                    Case No.  8:08-CV-1973-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging 2002 convictions for sexual battery on a child entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). After examining the allegations of the petition, the Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred under the provisions of 28 U.S.C. § 2244(d) (Dkt. 3). Petitioner has filed his response to the Court's order to show cause (Dkt. 4).

### Discussion

The petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on February 21, 2003, when his conviction was affirmed on direct appeal.  Therefore, Petitioner's one-year limitations period would begin to run on May 22, 2003,[1] absent any delay attributable to tolling, i.e., a pending, properly filed state post-conviction proceeding.

Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P. Rule 3.850 on May 2, 2003, which was denied on February 10, 2004.  He then appealed the denial of his 3.850 motion, and the appellate court affirmed and issued its mandate on July 20, 2006. Accordingly, the federal one-year limitation period was tolled until July 20, 2006.  Therefore, Petitioner had until July 20, 2007, to file his federal habeas petition absent any further delay attributable to tolling, i.e., a pending, properly filed state post-conviction proceeding.

On August 1, 2006, Petitioner filed a motion for DNA testing in the state circuit court. This motion, however, did not toll the one-year limitation period.  A motion for DNA testing filed in Florida[2] is not an "'application for post-conviction or other collateral review with

---

[1] *See, Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate.").

[2] Fla. R. Crim. P. Rule 3.853 "provides procedures for obtaining DNA (deoxyribonucleic acid) testing under sections 925.11 and 925.12, Florida Statutes."

2

respect to the pertinent judgment,' for purposes of the AEDPA tolling statute." *Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008)(quoting 28 U.S.C. § 2244(d)(2)).

On September 14, 2007, Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P. Rule 3.800. This motion, however, had no tolling effect as the limitation period had already expired on July 20, 2007. Once AEDPA's limitations period expires, it cannot be reinitiated. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner did not file his federal habeas petition until September 30, 2008.[3] Therefore, his petition is clearly untimely, and the petition is time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In his response to the Court's order to show cause, Petitioner contends that he is entitled to equitable tolling because of his limited ability to read and understand English, and because an inmate law clerk informed him that a motion for DNA testing would toll

---

[3]Although Petitioner's petition was filed with the Court on October 3, 2008, Petitioner delivered his petition to prison officials for mailing on September 30, 2008 (Dkt. 1 at p. 1). Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

AEDPA's limitations period. A petitioner's *pro se* status, however, does not merit equitable tolling, *see Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999), and it is well-settled that ignorance of the law does not constitute a "rare and exceptional circumstance" for tolling purposes. *See, e.g., Fiero v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his habeas petition entitled petitioner to equitable tolling of the limitations period); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is nonsensical. Additionally, it has been previously rejected by the Eleventh Circuit. *See U.S. v. Montano*, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005) (claim that language difficulties prohibited petitioner from timely discovering a legal argument did not constitute "extraordinary circumstances" as to justify equitable tolling of the one-year filing requirement in § 2255). The Court finds that Petitioner has failed to establish that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claims before the limitation period expired, which are essential elements for the imposition of equitable tolling. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

Petitioner also argues that AEDPA's limitation period unconstitutionally infringes upon his right under Florida law to file a Rule 3.850 post-conviction motion within two years from the date his judgment of conviction becomes final, i.e., AEDPA's limitations period

expires one year after the conviction becomes final, but a Florida prisoner has two years after his conviction becomes final to file a 3.850 motion.  Essentially, he argues that AEDPA forces him to choose between exercising his right to meaningful access to the state courts which provide a two-year limitation period and the right to petition for federal habeas relief. This argument was rejected by the Eleventh Circuit in *Tinker v. Moore*, 255 F.3d at 1335("[W]e reject Tinker's "impermissible choice" argument.  By virtue of statute, Tinker is provided both a state and federal forum in which to seek post-conviction relief. Despite his argument to the contrary, he need not forego his state remedy entirely in order to avail himself of the federal remedy. However, he must exercise it within one year of the date his judgment became final and do so in a manner that leaves him sufficient time to timely file his federal petition.").[4]

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue -- only

---

[4] The Court notes that in Petitioner's case, he filed his Rule 3.850 motion well before the expiration of the federal limitations period.  In fact, he filed his 3.850 motion before the federal limitations period began to run.

if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 26, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*