# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLOS A. SANCHEZ,

      Petitioner,

-vs-                                             Case No. 8:08-CV-1973-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## **ORDER**

This matter comes before the Court upon Petitioner's Request for Certificate of Appealability (Dkt. 8) on this Court's November 26, 2008 decision dismissing his petition for relief under 28 U.S.C. § 2254 as time-barred (See Dkt. 5), filed pursuant to Rule 22, Fed R. App. P.,[1] and 28 U.S.C. §2253,[2] and Motion for Leave to Proceed In Forma Pauperis on Appeal (Dkt. 9).

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

The Court found that Petitioner's claims were time-barred. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Request for Certificate of Appealability (Dkt. 8) is **DENIED**.

2. Petitioner's Motion for Leave to Proceed In Forma Pauperis on Appeal (Dkt. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 4, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro Se* Petitioner